NH # 1:06-CR-31-01-PB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2006 FEB 14 A 10:30

UNITED STATES OF AMERICA,           CRIMINAL NO. 90-81062

    Plaintiff,                HONORABLE LAWRENCE P. ZATKOFF

-vs-                                VIO:    21 U.S.C. §846
                                            21 U.S.C. §841(a)(1)
JORGE HERNANDEZ, a/k/a "Flintstone",        21 U.S.C. §848(a)
JOSEPH "PEPE" NUNEZ,                        18 U.S.C. §2
LINDA NUNEZ,
NICHOLAS ROGER HERNANDEZ,
VASILIOS GUS DEDES, a/k/a Bill Dedes,
TERRY SUTTON,
HENRY FERNANDEZ,
JOHN THOMPSON,
RONALD VANCE,
TIMOTHY COLE,
MICHAEL ROBERTS, a/k/a "Hillbilly",
HOMER CURRY,
JOHNNY SHOUPE,
MANUEL GARCIA, a/k/a "Manny",
JAMES DORTCH,
MARK TORMEY, a/k/a "Goldstein",
DANIEL DZIALO,
DONALD MCDONALD,
CLIFFORD LEE,

    Defendants.
_____/

FILED
1991 MAR 28 PM 11:44
CLERK
U.S. DISTRICT COURT
EAST. DIST. MICH.

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

(21 U.S.C. §§846, 841(a)(1) - Conspiracy To Possess
With Intent To Distribute and To Distribute Cocaine)

That between January, 1987, and December 10, 1990, said dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, JORGE HERNANDEZ, a/k/a "FLINTSTONE", JOSEPH "PEPE" NUNEZ, LINDA NUNEZ, NICHOLAS ROGER HERNANDEZ, VASILIOS GUS DEDES, a/k/a BILL DEDES, TERRY SUTTON, HENRY FERNANDEZ, JOHN THOMPSON, RONALD VANCE, TIMOTHY COLE, MICHAEL

ROBERTS, a/k/a "HILLBILLY", HOMER CURRY, JOHNNY SHOUPE, MANUEL GARCIA, a/k/a "MANNY", JAMES DORTCH, MARK TORMEY, a/k/a "GOLDSTEIN", DANIEL DZIALO, DONALD MCDONALD, and CLIFFORD LEE, defendants herein, did knowingly, willfully, intentionally and unlawfully combine, conspire confederate and agree with each other and with various other persons whose names are both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute and to distribute cocaine, a Schedule II Controlled Substance; said conspiracy involving more than five (5) kilograms of cocaine, as defined in 21 United States Code, Section 841 (b)(1)(B)(II); contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

It was part of the ways and means of this conspiracy that defendant JORGE HERNANDEZ, a resident of the Miami, Florida area, would "front" multi-kilogram quantities of cocaine to more than ten other individuals. One of the individuals who received "fronted" kilograms of cocaine from JORGE HERNANDEZ in the course of the conspiracy was defendant JOSEPH "PEPE" NUNEZ, also a Miami area resident. Upon obtaining a multi-kilogram delivery of cocaine from JORGE HERNANDEZ, PEPE NUNEZ and others, including defendants BILL DEDES, TERRY SUTTON, HENRY FERNANDEZ, RONALD VANCE, JAMES DORTCH, DONALD MCDONALD and MANUEL GARCIA, would make arrangements to ship the cocaine to the Detroit, Michigan area. At various times during the conspiracy, defendants PEPE NUNEZ, DEDES, SUTTON, VANCE, and GARCIA all transported this cocaine to the Detroit area in automobiles and/or pick-up trucks. Upon arrival of the cocaine in

the Detroit area, defendants PEPE NUNEZ, DEDES, MARK TORMEY, GARCIA, JAMES DORTCH, DANIEL DZIALO, JOHN THOMPSON, MICHAEL ROBERTS, HOMER CURRY, and JOHNNY SHOUPE made, at various times throughout the conspiracy, arrangements to distribute the cocaine in kilogram and lesser quantities.

After they had completed the Detroit area distribution of the cocaine from a shipment provided by PEPE NUNEZ, defendants DEDES, GARCIA, DORTCH, THOMPSON and TORMEY would collect payment for the cocaine and, after deducting their share of the proceeds, would make arrangements to forward the balance of the proceeds to PEPE and LINDA NUNEZ. PEPE and LINDA NUNEZ, in turn, would deduct their share of the proceeds and then pay JORGE HERNANDEZ the balance for the original "fronted" shipment. It was, at various times, the role of defendants TERRY SUTTON, MANUEL GARCIA, JAMES DORTCH, RONALD VANCE, CLIFFORD LEE and TIMOTHY COLE to transport the cocaine proceeds to PEPE and LINDA NUNEZ in Miami.

It was also part of the ways and means of the conspiracy that defendants HOMER CURRY and JOHNNY SHOUPE, as well as others both known and unknown to the grand jury, would provide multi-pound quantities of marijuana to defendants JOHN THOMPSON and MICHAEL ROBERTS to help assure that THOMPSON and ROBERTS would continue to provide CURRY, SHOUPE and others with distribution quantities of cocaine.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

(21 U.S.C. §841(a)(1), 18 U.S.C. §2 - Possession With Intent To Distribute Cocaine, Aiding and Abetting)

That between July 5, 1990 and July 16, 1990, said dates being

approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, JOSEPH "PEPE" NUNEZ, VASILIOS GUS DEDES and NICHOLAS HERNANDEZ, defendants herein, did knowingly, intentionally and unlawfully possess with intent to distribute, and aid and abet each other and others in the possession with intent to distribute, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, to wit: approximately fifteen (15) kilograms of cocaine, in violation of Title 21, United States Code, §841(a)(1) and Title 18, United States Code, §2.

### COUNT THREE

(21 U.S.C. §841(a)(1), 18 U.S.C. §2 - Possession
With Intent To Distribute Cocaine, Aiding and Abetting)

That on or about October 9, 1990, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, JORGE HERNANDEZ, JOSEPH "PEPE" NUNEZ, and VASILIOS GUS DEDES, defendants herein, did knowingly, intentionally and unlawfully possess with intent to distribute, and aid and abet each other and others in the possession with intent to distribute, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, to wit: approximately twelve (12) kilograms of cocaine, in violation of Title 21, United States Code, §841(a)(1) and Title 18, United States Code, §2.

### COUNT FOUR

(21 U.S.C. §841(a)(1), 18 U.S.C. §2 - Possession
With Intent To Distribute Cocaine, Aiding and Abetting)

That on or about October 22, 1990, said date being

approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, JORGE HERNANDEZ, JOSEPH "PEPE" NUNEZ, and VASILIOS GUS DEDES defendants herein, did knowingly, intentionally and unlawfully possess with intent to distribute, and aid and abet each other and others in the possession with intent to distribute, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, to wit: approximately fifteen (15) kilograms of cocaine, in violation of Title 21, United States Code, §841(a)(1) and Title 18, United States Code, §2.

## COUNT FIVE

(21 U.S.C. §848(a) - Continuing Criminal Enterprise)

That from in or about the year 1987, (said dates being approximate), and continuing thereafter up to and including December 10, 1990, in the Eastern District of Michigan, Southern Division, and elsewhere, JOSEPH "PEPE" NUNEZ, defendant herein, did unlawfully, willfully, intentionally and knowingly engage in a continuing criminal enterprise in that he unlawfully, willfully, intentionally and knowingly did violate Title 21, United States Code, Sections 841(a)(1), 843(b), and 846 on three or more occasions, including but not limited to the violations set forth more completely in Counts One, Two, Three and Four of this indictment, which counts are hereby adopted and incorporated by reference; these and other violations were all part of a continuing series of violations of subchapter 1 and 2 of Title 21, United States Code, Section 801 et seq., that were undertaken by defendant JOSEPH "PEPE" NUNEZ in concert with at least five or more other

persons, with respect to whom the defendant occupied the position of organizer, supervisor, and manager, and from which continuing series of violations defendant JOSEPH "PEPE" NUNEZ obtained substantial income and resources.

All in violation of Title 21, United States Code, Section 848(a).

## COUNT SIX

(21 U.S.C. §848(a) - Continuing Criminal Enterprise)

That from in or about the year 1987, said date being approximate, and continuing thereafter up to and including the year 1990, in the Eastern District of Michigan, Southern Division, and elsewhere, JORGE HERNANDEZ, defendant herein, did unlawfully, willfully, intentionally and knowingly engage in a continuing criminal enterprise in that he unlawfully, willfully, intentionally and knowingly did violate Title 21, U.S.C. §§ 841(a)(1), 843(b), and on three or more occasions, including but not limited to the violations set forth more completely in Counts One, Three and Four of this indictment, which counts are hereby adopted and incorporated by reference; by violating Title 21, U.S.C. §841(a)(1) on or about November 15, 1989, by knowingly, intentionally and unlawfully possessing with intent to distribute approximately fifty-one (51) kilograms of cocaine; and by violating Title 21, U.S.C. §841(a)(1) on or about October 30, 1990, by knowingly, intentionally and unlawfully possessing with intent to distribute approximately twenty-six (26) kilograms of cocaine; these and other violations were all part of a continuing series of violations of subchapter 1 and 2 of Title 21, United States Code, Section 801 et

seq., that were undertaken by defendant JORGE HERNANDEZ in concert with at least five or more other persons, with respect to whom the defendant occupied the position of organizer, supervisor, and manager, and from which continuing series of violations defendant JORGE HERNANDEZ obtained substantial income and resources.

All in violation of Title 21, United States Code, Sections 848(a).

THIS IS A TRUE BILL.

*[signature]* 3-28-91
FOREPERSON

STEPHEN J. MARKMAN
United States Attorney

*[signature]*
JOE ALLEN
Assistant United States Attorney

*[signature]*
ROBERT W. DONALDSON
Assistant United States Attorney

DATED: 3/28/91